IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JIMMIE LEE JOHNSON
Reg. #25301-001                                                                                    PETITIONER

v.                                        CASE NO.: 2:11CV00128-BD

T.C. OUTLAW, Warden                                                                        RESPONDENT
Federal Correctional Complex,
Forrest City, Arkansas

## MEMORANDUM OPINION AND ORDER

Petitioner Jimmie Lee Johnson, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #2), challenging a prison disciplinary conviction. Warden T.C. Outlaw has responded to the petition (#8), and Mr. Johnson has replied (#11). For the following reasons, Mr. Johnson's petition is DENIED and DISMISSED, with prejudice.

## I.   Background

During the time relevant to this petition, Mr. Johnson was housed in the Federal Correctional Institution in Edgefield, South Carolina ("FCI-EDG"). On June 24, 2010, FCI-EDG officials found a cellular telephone in the bathroom drain of Unit D-2. (#8-3) At the time, Mr. Johnson was an orderly in Unit D-2. (#8-3) FCI-EDG officials submitted the telephone to the Central Office Intelligence ("COI").

On July 29, 2010, the COI provided a report to FCI-EDG officials with information retrieved from the telephone.[1] One of the numbers retrieved from the telephone matched a number on Mr. Johnson's approved telephone list. No other inmate had the number on his approved list. (#8-3) As a result of the number match, FCI-EDG officials charged Mr. Johnson with possession of a hazardous tool.

Mr. Johnson attended a disciplinary hearing on August 16, 2010, where he denied ever having possessed or used the telephone. (#2, p. 18-22) He testified that the telephone number at issue was that of Alonzo Dantzler, a former FCI-EDG inmate and cousin of then-current inmate Shawn Dantzler. (#2, p. 18) Mr. Johnson also stated that he had been out of the FCI-EDG on a writ for several months at the beginning of 2010.

At Mr. Johnson's disciplinary hearing, Shawn Dantzler admitted that the telephone was his and that the number belonged to his cousin Alonzo. (#2, p. 19) Mr. Dantzler also stated that he placed the telephone in the bathroom drain. Despite this admission, the discipline hearing officer found Mr. Johnson guilty of possessing the telephone.

The discipline hearing officer reviewed the evidence and provided a detailed explanation for finding Mr. Johnson guilty. (#2, p. 20-21) Based primarily on Shawn Dantzler's silence during his own disciplinary hearing, the hearing officer found Mr. Dantzler's delayed claim of responsibility to be less than credible. (#2, p. 21) Using the

---

[1] Although listed as an attachment to the incident report, the COI report is not part of the record in this case. (#8-3, p. 2)

telephone number match as evidence, the hearing officer found Mr. Johnson guilty; revoked 40 days of good conduct time; suspended 18 months of phone and visitation privileges; and imposed 45 days of disciplinary segregation. (#2, p. 22)

Mr. Johnson filed the current federal petition claiming that FCI-EDG officials failed to provide exculpatory evidence or to properly consider the evidence, and that there was insufficient evidence to support the disciplinary conviction. (#2) He asks the Court to reinstate his good conduct time, visitation and telephone privileges, and to expunge the disciplinary conviction from his central file. (#2, p. 5) In response to the petition, Warden Outlaw contends that FCI-EDG officials based the disciplinary conviction on "some evidence," and that Mr. Johnson did not present an issue regarding his Due Process rights. (#8)

## II. Discussion

In the prison setting, inmates are entitled to due process protections, but at a substantially limited level. When revoking good conduct time, these due process rights are: (1) advanced written notice of the disciplinary violation; (2) an opportunity, with some exceptions, to call witnesses and present a defense, and (3) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken. *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007)(citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564-571, 94 S.Ct. 2963 (1974)). There is no question here that Mr. Johnson received most of

these procedural protections; the only possible exception is the opportunity to fairly present a defense and the sufficiency of evidence used to find him guilty.

    A.    *Availability of Call Record as a Defense*

Mr. Johnson requested records of the dates and times of the calls to Alonzo Dantzler's telephone number. (#2, p. 4, 7; #8-3, p. 1) Mr. Johnson claims a call log would have exonerated him, because he was out of the prison on a federal writ at the time the calls were made. (#2, p. 9-11)

Inmates facing disciplinary proceedings should be allowed to call witnesses *and present documentary evidence* in defense when doing so will not interfere with institutional safety or correctional goals. *Wolff*, 418 U.S. at 566, 94 S.Ct. at 2979 (emphasis added). Mr. Johnson's inmate history shows that he was out of the FCI-EDG from January 13, 2010, until April 28, 2010. (#8-2) FCI-EDG officials found the hidden telephone on June 24, 2010, but there is no indication in the record as to when any of the calls were made from the telephone. The incident report lists as an attachment the COI examination report of the telephone. (#8-3, p. 2) Respondent, however, failed to include any of the attachments in the Answer. (#8) Neither Respondent nor the disciplinary hearing officer said whether the date and time information for calls was part of the COI report, and if so, why Mr. Johnson was not allowed to see the report.

If the COI examination report contained call records, there does not appear to be any basis to withhold the records from Mr. Johnson. If the telephone was Mr. Johnson's,

as FCI-EDG officials found, then he already knew the numbers and dates of the calls from the cellular telephone. On the other hand, if the call records were in fact attached to the incident report, then one can assume the discipline hearing officer reviewed the records. In that case, it would not matter whether Mr. Johnson presented them personally, or whether they were already part of the disciplinary record. As it stands, this Court cannot determine whether the call records were exculpatory, or if a record of calls even existed. It is also possible that Mr. Johnson had the telephone with him while on writ, making the dates of calls irrelevant.

If there was no call record in the COI report, then FCI-EDG officials did not have a duty to procure or create a call record for Mr. Johnson. If a call record was part of the COI report, then the record was attached to the incident report and was already part of the disciplinary proceeding. Either way, Mr. Johnson cannot establish that FCI-EDG officials denied him due process by either denying him access to the call record or declining to procure or create a call record.

    B.    *Evidence Supporting the Disciplinary Conviction*

In addition to the procedural requirements for disciplinary proceedings, prison officials must support disciplinary convictions with "some evidence" to comport with the due process requirements. *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011)(citing *Superintendent*, 472 U.S. at 455, 105 S.Ct. at 2774). In determining whether there was some evidence to support the disciplinary conviction, the Court is not called upon to

examine the entire record, to independently assess the credibility of witnesses, or to weigh the evidence. *Id*. Instead, the relevant question is whether there is evidence in the record that supports the disciplinary conviction. *Id*.

In this case, FCI-EDG officials found the telephone in a common area where it was accessible to Mr. Johnson. In addition, a telephone number from the cellular telephone matched a number on Mr. Johnson's approved call list. No other inmate had the number in question on his list.

Here, the evidence supporting the conviction was not conclusive, and the evidence supporting dismissal of the charge – the confession of another inmate – was compelling. In fact, confession evidence has been considered among the strongest possible exculpatory evidence for more than one hundred years . See *Harrold v. Territory of Oklahoma*, 169 F. 47 (8th Cir. 1909)(a free and voluntary confession deserves the highest credit because it flows from the strongest sense of guilt).

Under the law, this Court is not free to weigh the evidence and reach its own conclusion as to Mr. Johnson's guilt. Instead, the Court is bound by an extremely deferential standard: Was there "some evidence" to support the conviction?

The fact that Mr. Johnson had access to the common area where the telephone was found is probably sufficient, in and of itself, to support the disciplinary conviction. See *Flowers*, 661 F.3d at 981 ("some evidence" exists to hold individual inmates responsible for possessing contraband when the contraband is found in a common area, accessible to

multiple inmates). The fact that a call was made from the telephone to a person whose name appeared on Mr. Johnson's approved call list – and on no other inmate's call list – is more evidence to support the finding of guilt. For that reason, Mr. Johnson's challenge to the sufficiency of the evidence supporting his disciplinary conviction fails.

### III.   Conclusion

FCI-EDG officials afforded Mr. Johnson all of the process he was due and the disciplinary conviction is supported by some evidence. Therefore, Jimmie Lee Johnson's petition for a federal writ of habeas corpus is DENIED. This case is DISMISSED, with prejudice.

DATED this 9th day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE